```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

JONATHAN B. KREISBERG,          :

         Petitioner,            :

V.                              :   Case No. 3:12-CV-1299(RNC)

HEALTHBRIDGE MANAGMENT, LLC,    :
et al.,                         :

         Respondents.           :
```

**RULING AND ORDER CONTAINING INJUNCTION
UNDER SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT**

Jonathan B. Kreisberg, Regional Director of Region 34 of the National Labor Relations Board, acting for and on behalf of the Board, instituted this proceeding seeking a temporary injunction pursuant to section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(j), pending the final disposition of charges of unfair labor practices now pending before the Board.  The charges allege that HealthBridge Management, LLC, together with health care facilities it operates in Connecticut ("Respondents"), have engaged in, and are engaging in, acts and conduct in violation of sections 8(a)(1)(3) and (5) of the Act, 29 U.S.C. §§ 158(a)(1)(3) and (5).  The charges arise from Respondents' dealings with New England Health Care Employees Union, District 1199, SEIU ("the Union"),

which has been the exclusive collective bargaining representative of Respondents' employees under separate collective bargaining agreements effective from December 31, 2004, to March 16, 2011.

The petition alleges the following. Since January 2011, Respondents and the Union have met for purposes of negotiating successor collective bargaining agreements. On June 17, 2012, Respondents unilaterally implemented proposals relating to wages, hours and other terms and conditions of employment that constitute mandatory subjects for purposes of collective bargaining. Respondents did so without first bargaining with the Union to a good faith impasse and at a time when no good faith impasse was possible because of unremedied unfair labor practices. Since July 3, 2012, certain employees of Respondent represented by the Union have engaged in a strike caused, in part, by Respondents' unfair labor practices. On July 19, 2012, the Union, on behalf of the employees engaged in the strike, made an unconditional offer to return to work. Respondents refused to reinstate the employees. Based on the foregoing, the petition alleges that Respondents have failed and refused to bargain in good faith with the Union

and that it is necessary, just and proper to enjoin Respondents' unfair labor practices.

In considering the petition, the Court is required to determine whether there is reasonable cause to believe that an unfair labor practice has been committed and, if so, whether the requested injunctive relief is just and proper. The reasonable cause standard is satisfied when the Board provides evidence showing a likelihood of a violation. Injunctive relief is just and proper when it is necessary to prevent irreparable harm and preserve the status quo as it existed before the unfair labor practices at issue occurred. See Hoffman ex rel. N.L.R.B. v. Inn Credible Caterers, Ltd., 247 F.3d 360, 364-70 (2d Cir. 2001).

After careful review, the Court finds that there is reasonable cause to believe that Respondents have failed and refused to bargain with the Union in good faith as alleged in the petition.  The Court further finds that the requested injunctive relief is just and proper because there is a pressing need to restore the status quo as it existed prior to Respondents' unilateral implementation of its proposals as alleged in the Petition.

Accordingly, the petition for injunctive relief is hereby granted and it is further ordered:

(1) on or before December 17, 2011, Respondents shall offer every striker reinstatement to his or her former position, without prejudice to their seniority, rights and privileges previously enjoyed, displacing, if necessary, any other employees hired, transferred or reassigned to replace them;

(2) Respondents shall reinstate the previous wages, benefits and other terms and conditions of employment for the employees that were in place on June 16, 2012, and rescind any or all unilateral changes implemented by Respondents;

(3) Respondents shall bargain in good faith with the Union as the exclusive collective bargaining representative of the employees;

(4) Respondent shall post copies of this Order at all of its facilities where notices to employees are customarily posted, including electronic posting if respondent customarily communicates with employees by such means; said postings shall be maintained free from all obstructions and defacements; and agents of the Board

shall be granted reasonable access to the facilities to monitor compliance with this posting requirement; and

(5) on or before December 30, 2012, Respondent shall file with this Court, and submit a copy to the Regional Director of Region 34 of the Board, a sworn affidavit from a responsible official, stating with specificity the manner in which respondent has complied with this Order, including the exact locations where respondent has posted the required documents.

So ordered this 11th day of December 2012.

                                            /s/RNC
                                    Robert N. Chatigny
                            United Stated District Judge