```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


JONATHON B.KREISBERG,                  :
Regional Director of Region 34         :
of the National Labor Relations        :
Board, for and on behalf of the        :
NATIONAL LABOR RELATIONS BOARD,        :

             Petitioner,               :

V.                                     :    3:12-CV-1299(RNC)

HEALTHBRIDGE MANAGEMENT, LLC,          :
ET AL.,                                :

             Respondents.              :
```

RULING AND ORDER ON MOTION FOR CONTEMPT

Petitioner Jonathon B. Kreisberg, acting on behalf of the National Labor Relations Board ("the Board"), brings this motion for contempt (ECF No. 58) against HealthBridge Management, LLC ("HealthBridge") and Lisa Crutchfield, HealthBridge's Senior Vice President of Labor Relations, alleging that they have failed to comply with the injunction issued in this case on December 11, 2012 (ECF No. 46), pursuant to Section 10(j) of the National Labor Relations Act, 2 U.S.C. § 160(j), enjoining temporarily, pending a final adjudication by the Board, alleged unfair labor practices relating to a dispute between HealthBridge and New England Heath Care Employees Union 1199, SEIU.  See Kreisberg v. HealthBridge Mgmt., LLC, 2012 WL 6553103 (D. Conn. Dec. 14, 2012), aff'd, 732 F.3d 131 (2d Cir. 2013)(("the 10(j) Injunction").

The intent of the 10(j) Injunction was to restore the status quo as it existed prior to the alleged unfair labor practices by requiring the respondents to reinstate Union employees to their employment at nursing facilities operated by HealthBridge in Connecticut ("the Centers") with the same wages and benefits that were in effect on June 16, 2012.  Although the employees have been reinstated, it is undisputed that the wages and benefits have not been restored as required by the 10(j) Injunction.[1]

On May 30, 2013, petitioner filed the present motion for contempt pursuant to Fed. R. Civ. P. 70(e).  After careful consideration, the Court finds that HealthBridge has failed to restore the employees' wages and benefits in violation of the 10(j) Injunction, and that HealthBridge is in civil contempt.

Accordingly, it is hereby ordered as follows:

1. The motion for contempt (ECF No. 58) is granted as to HealthBridge.

2. HealthBridge shall comply with all the provisions of the 10(j) Injunction and this Order;

---

[1] Petitioner has shown that HealthBridge has failed to: (a) provide employees with a paid lunch break; (b) pay employees daily overtime for hours worked in excess of eight hours per day; (c) allow employees to accrue sick leave at the pre-June 16 accrual rates; (d) provide employees with health insurance at no monthly cost; (e) contribute to the Union pension fund; (f) contribute to the Union training fund; (g) pay a yearly uniform allowance; (h) allow employees to accrue paid personal days; and (i) pay employees their wages on a weekly, rather than biweekly, basis.

3. HealthBridge shall reinstate and maintain the previous wages, benefits, and other terms and conditions of employment for the employees of the Centers that were in place on June 16, 2012;

4. HealthBridge shall compensate and make whole all employees of the Centers for wages, benefits, and other terms and conditions of employment, since February 1, 2013, plus normal interest as computed in Board proceedings, lost because of HealthBridge's failure to reinstate and maintain the terms and conditions of employment in effect on June 16, 2012, as required by the 10(j) Injunction;

5. HealthBridge shall make available to Petitioner for inspection and copying all business records necessary to determine the amount of pay and benefits the employees are entitled to receive pursuant to the 10(j) Injunction and this Order;

6. Within seven days of the date of this Order, HealthBridge shall post copies of this Order at each of the Centers in all places where the 10(j) Injunction is posted; maintain such postings free from all obstructions and defacements for the duration of the 10(j) Injunction; allow all bargaining unit employees to have free and unrestricted access to said postings; and grant reasonable access to agents of Region 1 of the Board to all such locations to monitor compliance with this posting requirement;

7.  Within fourteen days of the date of this Order, HealthBridge shall serve copies of this Order on each owner, officer, and management employee of each of the Centers, as well as each owner, officer and management employee of HealthBridge, and obtain signed acceptances of such copies from each of them, and provide the signed acceptances to the Regional Director of Region 1 of the Board;

8.  Within twenty days of the entry of this Order, HealthBridge shall file and serve an affidavit by a responsible corporate official of HealthBridge setting forth with specificity the manner in which HealthBridge has complied with the terms of the 10(j) Injunction and this Order;

9.  Upon the failure of HealthBridge to comply with each of the paragraphs of this Order, HealthBridge shall pay the Board $10,000, and a daily compliance fine of $500.  For any subsequent violation of any provision of the 10(j) Injunction, HealthBridge shall pay the Board a fine of $5,000.

10. Within twenty days of the entry of this Order, the Board may file and serve a motion for attorneys' fees and costs incurred in connection with the motion for contempt.  Within twenty-one days thereafter, HealthBridge may file a memorandum in opposition to the motion for fees and costs.

So ordered this 23rd day of December 2013.

```
                              _____/s/ RNC_____
                              Robert N. Chatigny
                              United States District Judge
```